# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOSE L. ROMERO,** | CASE NO. 1:24 CV 610 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **LORAIN COUNTY SHERIFF PHIL L. STAMMITTI,** *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

## I. INTRODUCTION

*Pro se* Plaintiff Jose L. Romero, an Ohio prisoner incarcerated in the North Central Correctional Institution,[1] has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983, and against 12 Defendants: Lorain County Sheriff Phil R. Stammitti, Deputy Sheriff Shea Adkisson, "K9 Roy," and Correctional Officers Blevins, Fenelus, Hall, Coonrod, Irish, Grant, Bored, Crum, and Zemmerman. (ECF No. 1). His complaint pertains to events that occurred in March 2023 in the Lorain County Jail where he was confined as a pretrial detainee.[2]

Plaintiff's complaint sets forth 12 claims. In claims 2 and 3, Plaintiff alleges that Defendants Adkisson and K9 Roy, "while acting under color of law, deliberately with intent to actually physically cause [him] harm" violated his rights by "assault[ing]" and using "excessive

---

[1] The website of the Ohio Department of Rehabilitation and Correction indicates that Plaintiff was convicted in Lorain County in August 2023 of drug and weapons charges.

[2] This is the second action filed in this district in which Plaintiff was named as a party concerning events that occurred in March 2023 in the Lorain County Jail. Plaintiff was initially named as a plaintiff in a prior case, but because he did not sign the complaint or file a motion to proceed *in forma pauperis*, Judge Nugent disregarded that action as to him and otherwise dismissed the complaint *sua sponte* on the merits. *See Meinke et al. v. Stammitti*, No. 1:23-cv-1175 (N.D. Oct. 12, 2023).

1

force" against him; he alleges that this resulted in personal permanent injuries to his wrist and hand and required medical attention. (*Id*. at PageID #3–4). In claims 1, 4, 6, 7, 8, 9, 10, 11, and 12, Plaintiff alleges that the remaining defendants (*i.e.*, Defendants Stammitti, Blevins, Fenelus, Hall, Coonrod, Irish, Grant, Bored, Crum, and Zemerman), "while acting under color of law, failed to protect [him] from acts of excessive use of force by [their] Co-Defendants." (*Id*. at PageID #3–8). For relief, Plaintiff seeks $2 million in damages from each Defendant in their individual and official capacities. (*Id*. at PageID #8–9). The Court granted Plaintiff's motion to proceed *in forma pauperis* by separate order filed contemporaneously herewith.

## II.     STANDARD OF REVIEW

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even a pro se plaintiff must satisfy basic pleading requirements, and courts are not required to "conjure allegations on a litigant's behalf" or create claims for him. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* litigants are not exempt from the pleading requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* prisoner complaints like this one seeking redress from governmental employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint "must contain sufficient factual

2

matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). The "plausibility" standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Although detailed allegations are not required, it is not enough for a plaintiff simply to allege facts consistent with liability. A complaint is properly dismissed where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Conclusory or "[n]aked assertions" that are devoid of "further factual enhancement" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. *Claims against Defendant Adkisson and "K9 Roy"*

The Court finds that Plaintiff's complaint against Defendant Adkisson and "K9 Roy" must be dismissed in accordance with §§ 1915(e)(2)(B) and 1915A. The Eighth Amendment protects prisoners from the use of excessive force by prison officials, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and the Fourteenth Amendment similarly protects pretrial detainees. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). But not every governmental action or use of force used against a prisoner violates the Eighth Amendment. "After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Whether a use of force violates a prisoner's rights under the Eighth Amendment depends on whether the force "was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm," (the subjective component); and (2) whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency," (the objective component). *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992). The Supreme Court has identified factors for courts to consider in determining whether a plaintiff has established a claim: the need for the application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id*. at 7. *See also Gravely v. Madden*, 142 F.3d 345, 349 (6th Cir. 1998) ("The question of whether the defendant's actions inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") (internal quotation marks and citation omitted).

Further, the Supreme Court has consistently admonished lower courts as to the importance of deferring to the policies and procedures written by prison officials, including "security measure[s] taken in response to an actual confrontation with riotous inmates." *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (addressing conduct of convicted prisoners and emphasizing the importance of district court deference to prison officials); *see, e.g.*, *Rhodes v. Chapman*, 452 U.S. 337, 349 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of the prison administrators."); *Bell v. Wolfish*, 441 U.S. 520, 546 (1979) ("Prison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape or unauthorized entry. Accordingly, . . . even when an institutional restriction infringes a specific constitutional guarantee . . . the practice must be evaluated in light

4

of the central objective of prison administration, safeguarding institutional security."). In *Rhodes*, the Court cautioned lower courts deciding Eighth Amendment challenges to do so with extreme care. 452 U.S. at 351. This is because, unless the Supreme Court reverses a lower court's finding of excessive force, "[a] decision that a given punishment is impermissible under the Eighth Amendment cannot be reversed short of a constitutional amendment."

Plaintiff alleges that Defendants Adkisson and K9 Roy assaulted and injured him and used "excessive force" against him. (*Id*. at PageID #3–4). Other than conclusory allegations, however, Plaintiff has not alleged facts supporting his allegations or providing context regarding the force he alleges. The Court finds that Plaintiff's allegations do not state a plausible claim. Lorain County Deputy Sheriff "K9 Roy," although an employee of the Lorain County Sheriff's Office, is a dog and cannot sue or be sued. *See* Fed. R. Civ. P. 17(b).

Accepting as true Plaintiff's allegations against Defendant Adkisson, they do not plausibly indicate that force was used against him maliciously and/or sadistically for the purpose of causing harm. In other words, Plaintiff's unadorned allegations are insufficient to "nudge" an Eighth Amendment claim over the line from conceivable to plausible. *See Riddle v. Rivard*, No. 14-11092, 2015 WL 74822, at *2 (E.D. Mich. Jan. 6, 2015) (dismissing excessive force claim under §§ 1915(e)(2)(B) and 1915A because "conclusory allegations without material supporting facts are insufficient to state a claim"); *Culberson v. Franklin Cnty. Corr.*, No. 2: 22-cv-3671, 2022 WL 17600955, at *4 (S.D. Ohio Dec. 13, 2022) (Report and Recommendation) (recommending dismissal of excessive force claim based on conclusory allegations). Plaintiff's claims against Defendant Adkisson and "K9 Roy" are therefore dismissed.

### b. *Plaintiff's claims against the remaining defendants*

The Court also finds that Plaintiff's complaint fails to state a plausible claim against any of the remaining Defendants for failing to protect him. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates" and to protect them from harm. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). But to establish a failure to protect claim, a plaintiff must show that a prison official acted with "deliberate indifference" to his safety. *Farmer*, 511 U.S. at 834. This requires a plaintiff to show both that he suffered a deprivation or harm that is "sufficiently serious" (the objective component), and that the prison official in question had "a sufficiently culpable state of mind" (the subjective component) with respect to the alleged harm alleged. *Id*. at 834. A sufficiently culpable state of mind is greater than negligence or inadvertence on the part of a prison official. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005). A prison official cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. To state a claim, "a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health [or safety], (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010); *see also Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009).

Plaintiff's complaint does not contain allegations sufficient to make out the required subjective component of a deliberate indifference claim with respect to any Defendant. He has not alleged facts plausibly suggesting that any Defendant subjectively perceived or drew an inference that Plaintiff faced a substantial risk of serious harm by excessive force—or otherwise—

that he or she consciously disregarded. Further, Plaintiff has failed to state a plausible claim to the extent he seeks to hold any Defendant liable for conduct of subordinates. There is no vicarious liability under § 1983, and supervisory officials cannot be liable for constitutional violations solely on the basis of respondeat superior. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978). Where, as here, persons are named as defendants without allegations of their specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded pro se plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

### IV. CONCLUSION

For all of these reasons, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: July 25, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**